1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MAJIMAN HAFIZ,                                Case No. 13-cv-05971-JCS

              Plaintiff,
8                                                  **ORDER DISMISSING COMPLAINT**
                                                   **PURSUANT TO 28 U.S.C. § 1915**
9         v.                                       **WITHOUT PREJUDICE; DISMISSING**
                                                   **EX PARTE MOTION FOR LIS**
10   NATIONSTAR MORTGAGE, et al.,                  **PENDENS WITHOUT PREJUDICE**

              Defendants.
11                                                 Dkt. Nos. 1, 9

12

13   **I.     INTRODUCTION**

14            On December 27, 2013, Majiman Hafiz ("Plaintiff") initiated this action and filed a motion

15   to proceed in forma pauperis. *See* Dkt. Nos. 1–3. The Court found Plaintiff to be indigent, and it

16   granted the motion to proceed in forma pauperis. *See* Dkt. No. 6. Having granted Plaintiff's

17   motion, the Court now reviews Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), which

18   requires dismissal of an in forma pauperis complaint that is frivolous, malicious, or fails to state a

19   claim. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Also before the Court is Plaintiff's

20   Ex Parte Motion for Lis Pendens ("Motion for Lis Pendens"). *See* Dkt. No. 9. Plaintiff has

21   consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1]

22   For the reasons explained below, the Court finds that the Complaint must be dismissed for failure

23

24   ---

[1] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court
25   does not require the consent of Defendants in order to properly dismiss claims brought in this action because
     Defendants have not been served and, as a result, are not parties. *See Neals v. Norwood*, 59 F.3d 520, 532 (5th Cir.
26   1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as
     frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).
27   *See also United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir. 1998) (holding that magistrate judge had
     jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented
28   because 18 U.S.C. § 636(c)(1) only requires consent of the parties, and property owner, having failed to comply with
     the applicable filing requirements, was not a party).

1    to state a claim. Plaintiff's Motion for Lis Pendens must also be dismissed. Plaintiff is given leave

2    to amend the Complaint and to file another motion for lis pendens.

3    **II.      BACKGROUND**

4          On or around December 7, 2006, Plaintiff entered into a Deed of Trust ("DOT"),

5    apparently to secure a loan in connection with a residential property in Contra Costa County. *See*

6    Compl. at 2. Plaintiff does not attach a copy of the DOT, nor does she allege the identities of the

7    lender or the trustee under the DOT. At some point after entering the DOT, Plaintiff apparently

8    defaulted on the loan and, on February 7, 2013, "Defendant" demanded payment for an alleged

9    debt obligation, in the form of a Notice of Trustee's Sale ("NOTS"). *See id.* The Complaint does

10   not specify which of the three Defendants in this case—Nationstar Mortgage, Quality Loan

11   Service Corporation, or K5 Family, LLC—sent the NOTS. The property was sold at an auction on

12   July 11, 2013. *Id.* Plaintiff does not identify the entity that held the auction, nor does she identify

13   the purchaser of the property.

14         On December 27, 2013, Plaintiff filed this lawsuit against Defendants, alleging violations

15   of the Fair Debt Collection Practices Act ("FDCPA") and negligence. *See* Compl. at 6. The

16   Complaint also appears to allege wrongful foreclosure. *See id.*

17   **III.     REVIEW UNDER 28 U.S.C. § 1915**

18         **A.      Legal Standard**

19         If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to

20   proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and

21   dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which

22   relief may be granted; or (3) seek monetary relief from a defendant who is immune from such

23   relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, Plaintiff must make "a short and plain

24   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When

25   reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true

26   and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v.*

27   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's

28   allegations as true," however, "is inapplicable to . . . mere conclusory statements." *Ashcroft v.*

United States District Court
Northern District of California

*Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.    Analysis

#### 1.    FDCPA

The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. The FDCPA defines the term "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *Id.* § 1692a(6). In order to adequately plead this claim, a plaintiff must allege facts showing that a defendant is a "debt collector" within the meaning of the statute. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013).

Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute "debt collection" within the ambit of the FDCPA, the Court agrees with other courts in this Circuit holding that nonjudicial foreclosure is generally not "debt collection." *See Natividad v. Wells Fargo Bank, N.A.*, 3:12-CV-03646 JSC, 2013 WL 2299601, at *5–*9 (N.D. Cal. May 24, 2013); *Ligon v. JP Morgan Chase Bank*, No. C 11-2504 MEJ, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases). Thus, the Court adopts *Natividad*'s holding that "legally-mandated actions required for mortgage foreclosure are not necessarily debt collection," and that a plaintiff alleging a proper FDCPA claim must allege that the defendant "engaged in an[] action beyond statutorily mandated actions for nonjudicial foreclosure." *See Natividad*, 2013 WL 2299601, at *9.

Here, Plaintiff fails to state a claim under the FDCPA because she fails to allege that any of the Defendants are "debt collectors" within the meaning of the statute. *See Schlegel*, 720 F.3d at

United States District Court
Northern District of California

3

1208. In fact, she has not even alleged which particular Defendant demanded payment from her. Further, the facts underlying this case appear to be related to the nonjudicial foreclosure process, and actions taken in connection with this process generally do not constitute "debt collection" under the FDCPA, unless these actions are "beyond statutorily mandated actions for nonjudicial foreclosure." *See Natividad*, 2013 WL 2299601, at *5–*9. Plaintiff does not allege that Defendants took any actions beyond those required by the nonjudicial foreclosure process. *See id.*

Accordingly, Plaintiff's FDCPA claim is DISMISSED with leave to amend.

### 2.   Negligence

To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). In California, as a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095–1096 (1991) (citation omitted).

Here, Plaintiff alleges that Defendants were negligent in representing to her that they had authority to foreclose when in fact, because of securitization, they did not have authority. *See* Compl. at 8. However, the Court dismisses this securitization theory below. *See* Part III.B.3., *infra*. Moreover, Plaintiff does not identify what role any particular Defendant played or purported to play in the foreclosure process, and thus she fails to plausibly allege that any of the Defendants lacked authority to act as the original lender, trustee, or servicer pursuant to the DOT. Similarly, Plaintiff fails to allege that any of the Defendants—to the extent that they are lenders—owe her a duty of care because she has not alleged that Defendants took any actions that exceeded the scope of their conventional money-lending roles. *See, e.g.*, *Shkolnikov v. JPMorgan Chase Bank*, 12-03996 JCS, 2012 WL 6553988, at *16 (N.D. Cal. Dec. 14, 2012) (dismissing negligence claims against lender and servicer for failure to allege duty of care). Finally, Plaintiff fails to allege damages—she does not appear to dispute the fact that she was in default, nor does she allege that she could have become current on her loan obligation were it not for Defendants' alleged negligence.

4

Accordingly, Plaintiff's negligence claim is DISMISSED with leave to amend.

### 3.    Wrongful foreclosure

Plaintiff makes other allegations that are scattered throughout the Complaint. Construing the Complaint in Plaintiff's favor, these appear to allege a wrongful foreclosure claim. However, this claim is not supported by any facts to make these allegations plausible, such as identifying which Defendant issued the NOTS or held the foreclosure sale. Thus, Plaintiff fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). These allegations fail to state a claim for the additional reasons explained below.

In California, a proper claim for wrongful foreclosure is comprised of the following elements: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). Here, Plaintiff raises several arguments that apparently attack the foreclosure sale of the subject property on July 11, 2013. *See* Compl. at 2.

First, Plaintiff challenges Defendants' authority to collect the mortgage debt. *See* Compl. at 5. Plaintiff's claim apparently relies on the theory that securitization of the DOT divested Defendants of authority to collect the debt. *See id.* This theory fails because Plaintiff does not identify which of the Defendants demanded payment and, as a result, it is impossible to discern which Defendant allegedly lacks authority. Regardless, this theory also fails because courts in this district have consistently rejected this argument based in securitization. *See, e.g.*, *Robertson v. Citibank, N.A.*, C 12-02996 JSW, 2013 WL 752491, at *3 (N.D. Cal. Feb. 27, 2013) ("the argument that parties lose their interest in a loan when it is securitized or assigned to a trust pool has been rejected by numerous courts") (citations omitted); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (rejecting argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" as "both unsupported and incorrect").

United States District Court
Northern District of California

Second, Plaintiff demands "strict verified proof" that "Defendant" is the "singular and true holder" of the debt instrument, and that the loan was never transferred to other entities. *See* Compl. at 6–7. This theory fails because Plaintiff does not identify which Defendant demanded payment from her, nor does she identify the Defendant from which she is seeking verified proof. Regardless, this theory also fails because, in California, "plaintiffs are not permitted to bring a claim simply to determine whether the person initiating foreclosure is authorized." *Bergman v. Bank of Am.*, C-13-00741 JCS, 2013 WL 5863057, at *21 (N.D. Cal. Oct. 23, 2013) (citing *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46, 46 n.5 (2011) (nonjudicial foreclosure system does not allow plaintiffs to bring preemptive suit to challenge standing of entity to initiate foreclosure); *Robertson v. Citibank, N.A.,* No. C 12-02996 JSW, 2013 WL 752491, at *4 (N.D. Cal. Feb. 27, 2013) (judicial action to determine whether person initiating foreclosure process is authorized is not allowed). Plaintiff's citations to authorities from Arizona, Texas, and other non-California jurisdictions are inapposite. *See* Compl. at 3–5.

Third, Plaintiff apparently argues that she should not have to proffer tender because she "properly demands . . . validation of the debt." *See* Compl. at 3. Plaintiff is incorrect. As a general rule under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). A number of federal courts sitting in California have suggested that while the tender rule is not applicable to cases seeking to prevent a pending sale, it is generally applicable to cases where the sale has already been completed. *See Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 970–971 (N.D. Cal. 2012) (collecting cases); *Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1093 (N.D. Cal. 2013) (collecting cases); *Giannini v. Am. Home Mortg. Servs., Inc.*, C11-04489 TEH, 2012 WL 298254, at *3 (N.D. Cal. Feb. 1, 2012) ("[W]hile it is sensible to require tender following a flawed sale—where irregularities in the sale are harmless unless the borrower has made full tender—to do so prior to sale, where any harm may yet be preventable, is not."). *See also Bergman*, 2013 WL 5863057, at *22 (adopting reasoning of these cases). Here, the foreclosure sale has already occurred, and thus the tender rule applies to bar Plaintiff's claim.

Fourth, Plaintiff fails to allege that she was not in default or that she could have met her loan obligations had it not been for the alleged irregularities in the foreclosure process. Courts in this district have found that where the foreclosure sale has already occurred, "there is no longer a 'threat' of foreclosure" and, without any allegations that the foreclosure sale would not have occurred, a plaintiff fails to properly allege prejudice. *See Albano v. Cal-W. Reconveyance Corp.*, 4:12-CV-4018 KAW, 2012 WL 5389922, at *7 (N.D. Cal. Nov. 5, 2012) ("Although some cases have held that the prejudice element of the wrongful foreclosure cause of action could be established by allegations that the wrong companies had initiated the foreclosure process, the facts of those cases are distinct from the facts here, because in this case, the foreclosure sale has already happened.") (citing *Sacchi v. Mortgage Elec. Registration Sys., Inc.*, CV 11-1658 AHM CWX, 2011 WL 2533029, at *9–10 (C.D. Cal. June 24, 2011) (allowing wrongful foreclosure claim to proceed past motion to dismiss where foreclosure sale had not yet taken place); *Tamburri v. Suntrust Mortgage, Inc.*, C-11-2899 EMC, 2011 WL 6294472, at *14 (N.D. Cal. Dec. 15, 2011) (same)); *Natividad*, 2013 WL 2299601, at *16 (citing *Albano*, 2012 WL 5389922, at *7). Because Plaintiff does not allege prejudice, the wrongful foreclosure claim fails.

Accordingly, to the extent that Plaintiff alleges a claim for wrongful foreclosure, this claim is DISMISSED with leave to amend.

### 4.     Other claims

Plaintiff makes other vague assertions that do not amount to any plausible claims. First, Plaintiff alleges that "Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $1,447,560.56." Compl. at 6. Second, Plaintiff alleges that the "alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract." *Id.* Third, Plaintiff alleges that "Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal by Plaintiff." *Id.* Fourth, Plaintiff

United States District Court
Northern District of California

7

alleges that "Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant." *Id.*

None of these allegations are supported by any facts or reasoning, which makes it impossible for the Court to determine the factual bases or legal theories of Plaintiff's claims. The Court also notes that Plaintiff has filed a lawsuit with nearly identical pleadings in this district regarding a different property. *See Hafiz v. JP Morgan Chase*, Case No. 13-cv-05963-JSC, Dkt. No. 1. Thus, it is not clear whether Plaintiff actually resides or resided in the property at issue in this action, as implied by the allegation that Plaintiff received threats that she might lose her "primary place of residence." *See* Compl. at 6. Further, Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud claims in federal court are pled with specificity. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). Accordingly, as to these remaining allegations, Plaintiff fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547).

Because Plaintiff has failed to state any claims upon which relief may be granted, the Complaint is DISMISSED with leave to amend.

## IV.    EX PARTE MOTION FOR LIS PENDENS

Plaintiff seeks the permission of the Court to file a notice of lis pendens with the Contra Costa County Recorder giving notice of the pendency of this lawsuit. For the reasons explained below, the Court denies the Motion for Lis Pendens without prejudice.

Generally, "a party to an action who asserts a real property claim may record a notice of pendency of action in the office of the recorder of each county in which all or part of the real property is situated . . . However, under California Code of Civil Procedure § 405.21, '[t]he only way an individual in pro per can record a notice of pendency of action is with the approval of a judge.'" *Schneider v. Bank of Am. N.A.*, 2:11-CV-2953-LKK-EFB, 2013 WL 1281902, at *32 (E.D. Cal. Mar. 26, 2013) (quoting *Wolf v. Wells Fargo Bank, N.A.*, 2011 WL 4595012, at *2 (N.D. Cal. Oct. 4, 2011)). "'Real property claim' means the cause or causes of action in a pleading which would, if meritorious, affect . . . title to, or the right to possession of, specific real property

1    . . .” Cal. Civ. Proc. Code § 405.4.

2         Here, Plaintiff has failed to state any claim, let alone a "real property claim." *See e.g.*,

3    *Schneider*, 2012 WL 761975, at *32 (upon dismissing plaintiff's complaint, finding that there was

4    "currently no pending cause of action which would, if meritorious, affect title to or the right to

5    possession of specific real property," and denying motion for lis pendens without prejudice).

6    Moreover, the property at issue has already been foreclosed and Plaintiff has not alleged any

7    theory under which it might be recovered. For this additional reason, there is no claim that would

8    affect the "title to, or the right to possession of, specific real property." *See* Cal. Civ. Code Proc. §

9    405.4. *See, e.g., Becker v. Wells Fargo Bank, N.A., Inc.*, CIV S-12-0501 KJM, 2012 WL 913710,

10   at *1 (E.D. Cal. Mar. 16, 2012) (denying motion to file lis pendens where property had already

11   been foreclosed and plaintiff failed to proffer tender).

12        Accordingly, the Motion for Lis Pendens is DENIED without prejudice.

13   **V.    CONCLUSION**

14        For the reasons stated above, the Complaint is DISMISSED with leave to amend and the

15   Motion for Lis Pendens is DENIED without prejudice. Any amended complaint shall be filed

16   within 30 days of the date of this Order. The Court notes that the Complaint fails to identify which

17   Defendants took which actions that gave rise to this action. *See, e.g.*, Compl. at 4, 5. If Plaintiff

18   chooses to file an amended complaint, she must include factual allegations to support her claims.

19   If an amended complaint is not filed within 30 days, the Clerk is directed to close the file.

20        Plaintiff is encouraged to contact the Legal Help Center of the Justice & Diversity Center

21   of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San

22   Francisco, California. Appointments can be made by signing up in the appointment book located

23   on the table outside of the door of the Legal Help Center or by calling (415) 782-8982.

24        **IT IS SO ORDERED**.

25   Dated: February 20, 2014

26

27   JOSEPH C. SPERO
     United States Magistrate Judge

28

United States District Court
Northern District of California

9